

# The Attorney General of Texas

September 18, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Gibson D. (Gib) Lewis
Chairman, Committee on
  Intergovernmental Affairs
House of Representatives
Capitol Station 2910
Austin, Texas 78769

Opinion No. MW-58

Re:  Effect of a proposed charter
amendment which would inhibit the
taxing authority of the City of Fort
Worth.

Dear Representative Lewis:

You have requested our opinion regarding the effect of a proposed
amendment to the Charter of the City of Fort Worth. The proposed
amendment, which may be submitted to the voters at the general election to
be held on November 6, 1979, provides:

> The ad valorem tax rate of the City of Fort Worth
> shall be divided into two separate and distinct tax
> rates; those being described and named Bond Rate
> and General Fund Rate. Further, that the Bond Rate
> shall be set for the Fiscal Year of 1979–1980 at that
> rate which shall provide for the retirement of legal
> bond payments as prescribed for that fiscal year, and
> no more, and that subsequent year's rates be set
> accordingly. Further, that the General Fund be set
> for the fiscal year 1979–80 at the rate which shall
> produce $26 Million Dollars revenue, with no
> provision for delinquency or uncollectables, and that
> in subsequent years, shall be set at that rate which
> will produce a growth rate in Ad Valorem taxes not to
> exceed 5% of the previous year's revenue from Ad
> Valorem Taxes.

At present, the city charter requires that the tax rate be set by the City
Council prior to October 1 of each year. You state that the adoption of the
amendment would require that the 1979–80 rate be set at an amount
substantially lower than that which will be set by the Council prior to
October 1. You ask therefore whether the amendment may lawfully be
applied to the 1979–80 tax rate.

The question presented here is in many respects similar to that considered in Attorney General Opinion MW-4 (1979). In that opinion, we held that legislation implementing a constitutionally derived tax exemption could not be applied to tax liabilities which had become "fixed by levy and assessment" as of the statute's effective date. We relied in part on article III, section 55 of the Texas Constitution:

> The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years.

Under the circumstances you have described, adoption of the charter amendment would extinguish, in part, the liability of individuals to a political subdivision of the state. Since a home rule city may exercise only those powers which the legislature itself could have exercised, it follows that a city may not act to "authorize the releasing or extinguishing," in part, of the liability of individuals to the City of Fort Worth.

Under the terms prescribed in Attorney General Opinion MW-4 (1979), a "taxpayer's liability is fixed when these two requirements are met: the assessment has been made and there has been a legal levy." See Crocker v. Santo Consolidated I.S.D., 116 S.W.2d 750 (Tex. Civ. App. -- Eastland 1938, writ dism'd). "Levy" refers to the City Council's act in imposing the tax and fixing the rate, Clegg v. State, 42 Tex. 605, 610-11 (1875), while "assessment" describes "the administrative process of applying the tax rate to an individual's property and thereby determining the amount he owes." Attorney General Opinion MW-4 (1979). According to the present requirements of the Fort Worth City Charter, the tax rate must be levied prior to October 1. Since assessments will also have been made prior to the date of the charter amendment election, the amendment may not constitutionally affect the 1979-80 tax rate. Such a construction would not render the amendment totally ineffective, however, since it also includes a valid provision limiting the annual growth rate in ad valorem taxes to "5% of the previous year's revenue from Ad Valorem Taxes."

### SUMMARY

> Since the tax rate is levied and assessments are made prior to the election of November 6, 1979, a proposed amendment to the Charter of the City of Fort Worth adopted that date will be ineffective to affect the 1979-80 tax rate. The amendment would, however, limit future taxes to a rate which would produce a growth of not more than five percent of the previous year's revenue from ad valorem taxation.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison
Rick Gilpin
Myra McDaniel
William G Reid
Bruce Youngblood